IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF MEMPHIS TENNESSEE WESTERN
DIVISION

**Jessee Brown, and Jala Brown,**

    Plaintiffs,

vs

City of Memphis, Officer M. Charles 12902, Detective J. Bond 12096, Detective R. Payne 13991, Sgt. T. Bogue 10911, and Officer R. Tabor, all in their official capacity as City of Memphis Law Enforcement Officers,
    Defendants.

**JURY TRIAL DEMANDED**

## COMPLAINT

Comes now Plaintiffs, Jesse Brown and Jala Brown, and for this cause of action would show the following:

### INTRODUCTION

1. This action is brought pursuant to the laws in the State of Tennessee and under the United States Constitution.

2. This action is brought pursuant to 42 U.S.C. §1983, §1985(2) (3), and all applicable state and federal laws which are consistent with the facts as alleged in this Complaint.

3. This action alleges: fraudulent misrepresentation; negligence; false arrest; false imprisonment; malicious prosecution; negligent infliction of emotional distress; intentional infliction of emotional distress; malicious harassment; and any and all causes of action consistent with the facts of the case.

## PARTIES

4. Plaintiff, Jesse Brown, is and at all times pertinent herein, has been, a resident citizen of Memphis, Shelby County, Tennessee.

5. Plaintiff, Jala Brown, is and at all times pertinent herein, has been, a resident citizen of Memphis, Shelby County, Tennessee.

6. Defendant, City of Memphis is responsible for the administration and governance of the Memphis Police Department, which is located in Shelby County, Tennessee.

7. Defendant Police Officers M. Charles, J. Bond, R. Payne, T. Bogue and R. Tabor are all officers employed by Defendant City, and engaged in the conduct complained of while on duty.

8. The facts and occurrences hereinafter set forth took place in Shelby County, Tennessee.

9. Venue is proper in this federal judicial district pursuant to 28 USC§ 1391 and 28 USC§ 1332.

## FACTS

10. Plaintiffs, on March 8, 2022, were lawfully on their premises, when they were aggressively approached and pursued by Defendants.

11. Defendants alleged that they were looking for Darius Brown.

12. Upon approaching Plaintiffs, Defendants assaulted Plaintiff Jala Brown, causing her to be physically brutalized and abused.

13. Plaintiff Jala Brown was treated in such a violent and aggressive manner by Defendants that some of her hair was dislodged from her head by Defendants.

14. Plaintiff Jesse Brown was also physically abused.

15. At no point in time did the Plaintiffs ever strike, or attack Defendants.

16. Furthermore, Defendants then began to tear up Plaintiffs' property, such as their fence, walls, and televisions.

17. Defendants illegally destroyed their cameras and monitoring systems so that their conduct could be hidden.

18. Defendants then illegally went through the home and searched it without a search warrant.

19. Defendants wrote false and misleading arrest warrants for Plaintiffs, as well as a false and misleading search warrant.

20. Defendants then requested a search warrant, and arrest warrants, based on false and misleading information.

21. Defendants acted intentionally in order to cover up the fact that they were acting illegally.

22. That Plaintiffs, as African Americans, were racially profiled and maliciously harassed based on their race.

23. Plaintiffs were not initially even told what they were being arrested for, or what crimes they allegedly committed.

24. Plaintiff Jesse Brown also had money removed from a safe for him and his wife by Defendants, with Defendants having no legal basis to take it.

25. Plaintiff Jesse Brown was arrested, and sent to court, initially without even having a charge listed against him.

26. Defendants later came up with the charge of Theft of Property.

27. Plaintiff Jala Brown was charged with Assault, even though she was the one who was brutalized by Defendants.

28. Plaintiff Jala Brown never assaulted Defendants and Defendants were aware of this fact.

29. Defendants were aware that Plaintiffs did not resist arrest.

30. Defendants were aware that Plaintiffs were arrested illegally.

31. Defendants were aware that the force used against Plaintiffs was illegal and excessive.

32. Defendants were aware that Plaintiffs had a right to self-defense against excessive force, even if the arrest was legal, which it was not.

33. That Defendants' conduct has been a continuing practice for several years and is deliberately devised to maliciously harass, intimidate and terrorize Plaintiffs, minorities, and other alleged suspects.

34. Defendants' prosecuted Plaintiffs, and provided false statements against Plaintiffs, knowing that Plaintiffs did not violate any laws.

35. Plaintiffs allege that pursuant to T.C.A. 29-20-20 (a) municipalities and governmental entities are generally immune from suit.

36. Plaintiffs allege however that based upon the conduct of the governmental employees and pursuant to T.C.A. 29-20-205 (1) (2), the Tennessee Governmental Tort Liability Act immunity is removed from Defendants.

37. Plaintiffs alleges that Defendant City, failed to provide adequate training or supervision for the police officers and that his failure to train and supervise its officers has become a custom that has resulted in repeated substantiated racial profiling and the harassment of minorities.

38. Defendant City has assisted in the prosecution of Plaintiffs, and has refused to discipline Defendant Officers, due to the fact that the Defendant Officers have acted

consistent with the pattern, policy, training, and custom of Defendant City, which allows its officers to arrest citizens and then make false allegations against the citizens to justify the arrest.

39. Defendant City allows its officers to illegally destroy video evidence in order for Defendants to engage in illegal searches or other illegal conduct.

40. Defendants City does not properly discipline officers who engage in illegal conduct, and implicitly encourages the behavior.

41. Defendant City does not sufficiently track any and all instances of excessive force and police violence against citizens.

42. Defendant City has negligently trained its officers.

43. All charges were dismissed against Plaintiffs.

44. As a direct and proximate result of Defendants' actions, Plaintiffs has suffered: humiliation; indignity; disgrace; fright; shame; anger; nightmares; mortification; injury to Plaintiffs' feelings and reputation; mental and physical suffering; pain and suffering; weight loss; sleeplessness; and loss of enjoyment of life.

45. In addition, Plaintiffs have experienced court costs, expenses, and attorney fees.

46. Plaintiffs, based on Defendants' conduct, was detained and harassed by the police department, and was left feeling like second-class citizens who were not even allowed to feel safe in the confines of their own home.

WHEREFORE, Plaintiffs respectfully prays that this Court enter a judgment against the defendants as follows:

    A. Issue a declaratory judgment finding that the practices herein alleged are unlawful.

    B. Award Plaintiffs $1,000,000 in compensatory damages.

    C. Award Plaintiffs $1,000,000 in punitive damages.

    D. Grant Plaintiffs such further relief, as this Court deems proper.

s/ *Terrell Tooten*
Terrell Tooten, BPR No. 028506
Attorney for Plaintiffs
5744 Rayben Circle,
Memphis, TN, 38115
901-609-3622 Telephone;
x99tooten@gmail.com
